IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN AMBURGY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:09-cv-00705 |
| | ) | |
| v. | ) | |
| | ) | |
| EXPRESS SCRIPTS, INC., et al. | ) | |
| | ) | |
| Defendants. | ) | |

## EXPRESS SCRIPTS, INC.'S MOTION TO DISMISS

Defendant Express Scripts, Inc. ("ESI") respectfully prays that the Court dismiss all counts of plaintiff's complaint with prejudice and without leave to replead. As grounds for this relief, ESI states:

1. In October 2008, one or more unknown persons claimed that they illegally gained access to confidential information about persons receiving pharmacy benefits from ESI. The extortionist sent a letter to ESI threatening to disclose that information unless ESI paid a ransom. The letter included some personal information relating to 75 such persons. Plaintiff was not among those people. The same extortionist sent similar letters to three of ESI's clients. Plaintiff's employer has never received a similar demand.

2. Plaintiff thereafter filed a five-count class action complaint alleging that he and the class are at an increased risk of becoming victims of identity theft crimes. Plaintiff alleges that he and the class will suffer a variety of kinds of irreversible damage **if** their Confidential Information becomes public, and seeks novel damages, including credit monitoring. Plaintiff does not allege that any of this information has become public or that his identity has been

stolen.  Indeed, Plaintiff does not allege, except in conclusory terms, that his information has even been compromised.

3. The foundation of this lawsuit is that the extortionist accessed plaintiff's confidential information.  Plaintiff does not allege facts, as opposed to conclusions, making it plausible that his information was compromised.  Plaintiff does not allege that anyone tried to extort money from him or his employer.  He does not allege that any of the extortion letters identified him by name.  He does not allege that anyone told him his information was exposed.  All he has alleged from a factual perspective is that ESI had possession of his confidential information.  That makes it *possible* that his information was exposed, but it does not make it *plausible*, as required under the *Twombly* standard.

4. Likewise, plaintiff does not allege that he has sustained any identity theft as a result of the security breach, only that he and the class are at "increased risk" of such damage.  Eight months after the acts of the extortionist, plaintiff has yet to suffer any actual harm.  There is no way to determine whether plaintiff will suffer injury, or the extent of such injury, until someone publishes his confidential information.  At present, he lacks the concrete injury necessary to give him standing and fails to state a cause of action because a plaintiff who has not suffered identity theft has not been damaged.  As such, the Court must dismiss the complaint.

5. The allegation that plaintiff has spent money to monitor his credit does not salvage the complaint.  Missouri has never recognized a cause of action for credit monitoring and it is not up to this Court to invent one.  While Missouri does allow damages for medical monitoring under some circumstances, plaintiff's complaint comes nowhere close to alleging such circumstances.  Plaintiff has not alleged that there is any significant risk of disclosure of his confidential information.  Credit monitoring is also unnecessary since, if his identity ever is

stolen as a result of this incident, ESI has promised to pay for identity restoration services. As such, the Court must dismiss the complaint.

  6.  In further support of this motion, ESI incorporates its supporting memorandum filed simultaneously herewith.

  WHEREFORE, Express Scripts, Inc. respectfully prays that the Court dismiss all counts of plaintiff's complaint with prejudice and without leave to replead.

        Respectfully submitted,

        HUSCH BLACKWELL SANDERS LLP


        By /s/ Joseph P. Conran
          Joseph P. Conran #6455
          Thomas M. Dee #2956
          James F. Monafo. #19452
          190 Carondelet Plaza, Ste. 600
          St. Louis, MO 63105
          Telephone: 314-480-1500
          Facsimile: 314-480-1505
          joe.conran@huschblackwell.com
          tom.dee@huschblackwell.com
          james.monafo@huschblackwell.com

        *Attorneys for Express Scripts, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of June, 2009, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system and by e-mail, upon the following:

Gary A. Growe
THE GROWE LAW FIRM
7733 Forsyth Blvd., Ste. 325
St. Louis, MO 63105
gary@growelaw.com

Mila F. Bartos
Karen Marcus
Shiva Sharifahmadian
Finkelstein Thompason LLP
1050 30th Street, N.W.
Washington, D.C. 20007

*Attorney for Plaintiff John Amburgy*

/s/  Joseph P. Conran